IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTA MICHALEK, | CIVIL ACTION NO. 3:11-CV-1374 |
| Plaintiff, | (JUDGE CAPUTO) |
| ARS NATIONAL SYSTEMS, INC., | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant's Motion for Judgment on the Pleadings. (Doc. 5). Plaintiff Christa Michalek brought the underlying action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the FDCPA") for alleged violations contained within four debt collection letters sent to her by Defendant ARS National Systems, Inc. In its Motion, ARS argues that its letters did not violate the FDCPA as a matter of law, and that the Complaint should therefore be dismissed. The Court finds that Michalek has stated a claim under the FDCPA and will therefore deny ARS's Motion for Judgment on the Pleadings for the reasons stated below.

## BACKGROUND

Plaintiff alleges the following. On July 24, 2010, Michalek received a letter from Defendant debt collector ARS National Services ("ARS") informing her that she owed $3683.15. (Compl. at ¶¶ 12-14, Doc. 1-2). On August 17, 2010, she received a second letter stating that she owed a balance of $3728.57. (*Id.* at ¶¶ 15-17). Further, on October 14, 2010, and January 11, 2011, Michalek received two additional letters stating that she owed $3773.99 and $3907.33, respectively. (*Id.* at ¶¶ 18-23).

These collection notices also made offers to settle Michalek's debt for discounted amounts. The July 24, 2010 letter offered to settle for $2025.73 if payment was made by August 13, 2010. (*Id.* at 8). The August 17, 2011 letter offered to settle the debt at a 45% reduction, requiring two payments to be made on or before two separate dates. (*Id.* at 10). The third letter, dated October 14, 2010, simply solicited "all reasonable offers" (*Id.* at 12). Finally, the January 11, 2011 letter made three separate settlement offers, offering to reduce the debt by 55%, 60%, or 65%, so long as payments were received on prescribed schedules. (*Id.* at 14).

The outstanding balance reflected in each letter, however, was deceptive. Specifically, the letters "did not state the date on which the amount due was calculated, and did not explain that interest would continue to accrue on the unpaid principal." (*Id.* at ¶ 24). Problematically, the outstanding balance indicated on each letter could be interpreted to mean either that: (a) "the total amount due was calculated on the date the letter was written;" or (b) that the "total amount due was static, and the payment of that amount would satisfy the debt in full irrespective of when the payment was made." (*Id.* at ¶¶ 26-27). As such, Michalek alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the FDCPA"). Specifically, she claims these notices were in violation of § 1692e(2) (as a "false representation of . . . the character, amount or legal status of any debt"), and § 1692e(10) (for "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.").[1]

Plaintiff originally filed this action on June 17, 2011 in the Court of Common Pleas

---

[1] Plaintiff has withdrawn her § 1692g claims. (Pl.'s Br. at 13 n.1, Doc. 9).

of Luzerne County, Pennsylvania.  ARS removed the action to this Court on July 22, 2011, asserting federal question jurisdiction under 28 U.S.C. § 1331 as the sole issue in this action arises under federal law, the  FDCPA.  On October 14, 2011, ARC filed a Motion for Judgment on the Pleadings, arguing that there was nothing false or misleading about the letters, and that the FDCPA does not require the sort of information Plaintiff alleges was absent.  (Def.'s Mot at ¶ 5, Doc. 5).  This issue has been fully briefed and is ripe for review.

## DISCUSSION

### I. Legal Standard

Judgment on the pleadings "will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law."  *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir.2008).  The facts contained within the pleadings are viewed in the light most favorable to the nonmoving party.  *Id.*  "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion."  *Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir.1991).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211. Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

In deciding a motion for judgment on the pleadings, the court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sikirica v. Nationwide Insurance Company*, 416 F.3d 214, 220 (3d Cir.2005). The pleadings are closed after an answer is filed, along with a reply to any additional claims asserted in the answer. *Austin Powder Company v. Knorr Contracting, Inc.*, No. 3:08-cv-1428, 2009 WL 773695, at *1 (M.D. Pa. Mar. 20, 2009). Ordinarily, in deciding a motion for judgment on the pleadings, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies

4

of the documents to the motion. *Id.*

## II. Plaintiff's Claim under the Fair Debt Collection Practices Act (FDCPA)

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Thus, in effecting this purpose, the courts should view collection notices, such as the ones in the instant matter, from the "perspective of the 'least sophisticated debtor.'" *Id.* This ensures that consumer protection will be extended to the "the gullible as well as the shrewd." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "Whether the letter meets the 'least sophisticated debtor' standard is a question of law." *Jarzyna v. Home Props., L.P.*, 763 F. Supp. 2d 742, 748 (E.D. Pa. 2011) (citing *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000)). And, as a remedial statute, the FDCPA is to be interpreted broadly in order to fulfill its purpose. *Brown*, 464 F.3d at 453.

Michalek argues that ARS's collection letter is in violation of 15 U.S.C. § 1692e(10) as a "use of any false representation or deceptive means to collect or attempt to collect any debt."[2] Such a letter is deceptive "where it can be reasonably read to have two or more

---

[2]Michalek also claims a violation of 15 U.S.C. § 1692e(2)(A) as a "false representation of . . . the character, amount or legal status of any debt" and claims that the two FDCPA sections are coextensive. (Pl.'s Br. at 16, Doc. 9). Courts have found § 1692(e)(10), as a more generalized section, to be "duplicative" of the other § 1692e claims. *Chulsky v. Hudson Law Offices*, *P.C.*, 777 F.Supp.2d 823, 832 (D.N.J. 2011). However, the Court finds these two sections effectively coextensive as to the instant claim. *See e.g. Nicholls v. Portfolio Recovery Assocs.,* 2010 WL 1257738 at *4 (D.N.J.

different meanings, one of which is inaccurate." *Id.* (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006)). Specifically, Michalek contends that the term "balance"–without further explanation of possible interest accrual–could have at least two different meanings, one of which being inaccurate. ARS rejects the assertion that the FDCPA requires a debt collection letter to warn that debts have the potential to increase over time, and argues that Michalek's claim therefore fails as a matter of law.

A highly analogous claim was allowed to survive a motion to dismiss for failure to state a claim in *Smith v. Lyons, Doughty & Veldhuius, P.C.* No. 07-5139, 2008 WL 2885887 at *7 (D.N.J. July 23, 2008). There, the collection letter in question stated that the assignee had "elected to accelerate the entire unpaid balance" and requested "payment in the amount of $5,740.55 plus unpaid accrued interest, which is $5,028.90." *Id.* at *1 n.1. The plaintiff argued that the letter had intentionally omitted the full amount due, and the defendant responded that the letter was not deceptive as a matter of law. *Id.* at *7. That court agreed with the plaintiff, finding that the least sophisticated debtor could have interpreted the collection letter to mean either that the stated amount reflected the total due as of the time of its writing, or that the balance was static–and that payment at any time

---

Mar. 29, 2010) (finding no liability under § 1692e(2)(A) where "the least sophisticated debtor would read beyond the first line of the letter to understand that the balance included interest and that 'interest continues to accrue.'"). Therefore, in ultimately finding that Michalek has stated a valid claim under § 1692e(10), the Court finds, for the purposes of this Motion, that Michalek has also stated a valid claim under § 1692e(2)(A). *See e.g. Stuart v. AR Resources, Inc.*, 2011 WL 904167 at *4 n.2 (E.D. Pa. Mar. 16, 2011) (finding the two sections "closely related and often brought in conjunction with one another" and that "alleg[ing] a violation of 1692e(10) rather than 1692e(2)(A) ha[d] no bearing on the sufficiency of the claim.").

6

would satisfy the debt.³  *Id.*  Since one of those interpretations would be necessarily inaccurate, that court found a viable claim under § 1692(e)(10) and declined to dismiss the action.  *Id.; see also Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397 and 397 n.4 (D. Conn. 2010) (electing to follow *Smith* in granting summary judgment for the plaintiff for an alleged § 1692g violation, which that court acknowledged was "essentially the same" analysis as § 1692e(10)); *but see Bodine v. First Nat. Collection Bureau, Inc.*, No. 10-2472 (MLC), 2010 WL 5149847 at *2 n.1 (D.N.J. Dec. 13, 2010) (declining to follow Smith in dicta without further analysis).

The instant case presents the same issue and the Court will arrive at the same conclusion.  As ARS acknowledges, its collection letters failed to reference the accrual of interest.  (Def.'s Br. at 12, Doc. 7).  Thus, while the collection letter at issue in *Smith* hinted at the accrual of interest, the letters in the instant case are even more likely to cause misunderstanding for the least sophisticated consumer.  As such, it would be possible to interpret "balance" to mean that it was either a dynamic or static amount.  The Court therefore finds that ARS letters to Michalek are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692(e)(10).

The Court finds further support for this conclusion in *Dragon v. I.C. Sys.* 483 F. Supp. 2d 198, 203 (D. Conn. 2007).  There, a district court granted summary judgment in

---

³ARS argues that the "unnecessary language regarding interest, as opposed to merely setting forth an 'amount due'" was the motivating factor in the *Smith* decision. (Def.'s Br. in Resp. at 10, Doc. 14).  The Court disagrees.  *Smith* makes no indication that the inclusion of this language had any bearing on that court's decision.  Instead, *Smith* concluded that the collection letter was affirmatively unclear as to whether further interest would accrue, the very same alleged infirmity in the instant matter.  *Smith v. Lyons, Doughty & Veldhuius, P.C.*, No. 07-5139, 2008 WL 2885887 at *7 (D.N.J. July 23, 2008).

favor of claims brought under 15 U.S.C. §§ 1692e(2), (10) and 1692g(a)(1) for collection letters creating similar confusion.[4]  There, the plaintiff argued that the defendant had violated the FDCPA by asserting "that the Balance Due was a sum certain" while knowing that the debt was actually increasing.  *Id.* at 201-02.  The defendant responded that it had "made no representations about the balance being fixed or whether the balance sought to be collected might be different at any later date," and that the printed amount "would have satisfied the demand in full and would have caused the account to be closed."  *Id.* at 202.  Ultimately, that court found that the collection notice was flawed in not indicating the exact date of the computed balance, and that "it also was potentially misleading for the 'least sophisticated consumer' who could readily conclude that the total amount stated as due . . . was due at any time, when in fact it was not and was subject to adjustment . . . on a periodic basis."  *Id.* at 203.

ARS contends that *Dragon* is inapposite to the instant case.  Specifically, ARS argues that in *Dragon*, it was the collection notice itself, including both "principal owed" and "balance due" listed as the same dollar amount, that created the potential for confusion.  *Schaefer v. ARM Receivable Management, Inc.*, 2011 WL 2847768 at *6 (D.Mass July 19, 2011), adopted such an argument and arrived at a very similar conclusion, finding that "the least sophisticated consumer in a case like *Dragon*, may believe that no interest was accruing on the balance due since the same amount was listed for both the principal owed

---

[4]15 U.S.C. § 1692g is similar to the provisions contained at § 1692e, requiring "validation" disclosures by a debt collector, including "the amount of the debt."  However, to the extent that these requirements are imposed "within five days after the initial communication with a consumer in connection with the collection of any debt," this provision is inapplicable to the instant case.  15 U.S.C. § 1692g(a); Doc. 9 at 13 n.1.

and balance due." *Id.* It then declined to follow *Dragon* as the collection notice under consideration had "no similar or additional statement that could be interpreted as misleading or deceptive." *Id.* Finding that distinction "critical," *Schaefer* granted the defendants' judgment on the pleading as to 15 U.S.C. § 1692e(2). *Id.*

The Court does not agree with ARS's interpretation and finds *Dragon* squarely on point with the instant case. Nowhere in *Dragon* did that court place any significance on the collection notice containing both "principal owed" and "balance due" amounts. Instead, that court explicitly concluded that the overall notice was "potentially misleading for the 'least sophisticated consumer' who could readily conclude that the total amount stated as due . . . was due at any time, when in fact it was not and was subject to adjustment . . . on a periodic basis." *Dragon*, 483 F.Supp.2d at 203. While having identical amounts listed for the "principal owed" and "balance due" could arguably contribute to such a misunderstanding, especially for a *more* sophisticated consumer who might have some familiarity with those terms, holding out a final amount due without further warning of its tendency to increase is what was ultimately considered problematic for the unsophisticated consumer. As such, the Court declines to read *Dragon* in the manner ARS suggests.

In fact, *Smith*, relying heavily on *Dragon*, found a violation of § 1692g(a)(1) where the collection letter sought payment "in the amount of $5,740.55 plus unpaid accrued interest, which is $5,028.90." 2008 WL 2885887 at *6 (D.N.J. July 23, 2008). Specifically, the issue was that the "letter failed to indicate the date as of which the stated interest had been calculated, and also failed to disclose that interest would continue to accrue on unpaid principal." *Id.* While this analysis was under a different provision of the FDCPA, *Smith* also placed no significance on the existence of multiple numbers or unnecessary language,

merely concluding that failing to warn of future interest "could confuse the lease sophisticated debtor." *Id.* Again, the Court agrees that this difference is insignificant and finds that *Dragon* is on-point in the instant matter.

*Kimmel v. Cavalry Portfolio Servs., LLC* recently interpreted *Dragon* as being mainly "concerned that interest and late fees could accrue on the account between the time the plaintiff received the letter and the time she attempted to pay the outstanding balance." 2011 WL 3204841 at *7 (E.D. Pa. July 28, 2011). In interpreting *Dragon* as such, *Kimmel* determined that offers to settle an outstanding debt at 20% or 30% discounts, held open for a fixed period, did not trigger this problem. *Id.* And, in finding no risk of "additional accrued interest," that court held *Dragon* as inapposite and granted summary judgement for the Defendant. *Id.* Conversely, however, *Jones v. Midway Funding, LLC* held that the inclusion of such an offer was further reason for *including* a disclosure of interest as "even a sophisticated consumer would not know what the amount of the debt would be if the discounted amount was not paid by [the required date]." 755 F. Supp. 2d at 398.

The instant case contains similar offers made by the collection agency, offers that were explicitly held open for specific periods and that would not expose Michalek to additional hidden interest. However, the Court declines to adopt the reasoning expressed in *Kimmel*, and will follow the lead of *Jones* in concluding that such offers do not immunize a debt collector's duty of clarity.[5] The logic of *Smith* and *Dragon* does not apply to settlement offers, but to stated outstanding debt and the need for consumers to be aware

---

[5] Moreover, even if this were not the case, the October 14, 2010 letter makes no explicit offer to settle an outstanding debt and the *Kimmel* logic is therefore expressly inapplicable to that particular letter.

that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As Michalek states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them. Finally, even though these settlement offers are supposedly held open for a period of time, it is not made explicit that their expiration is contingent upon further accrual of interest. Instead, a "least sophisticated consumer" could be entitled to assume that such offers naturally expired, or that limited periods were designed to induce swift action.

ARS further argues that several courts in the Third Circuit have "refused to find a violation of FDCPA where the letters at issue did not explain why the total balance owed increased since the previous collection letters." (Def.'s Br. at 9, Doc. 7). The Court agrees, but does not find this relevant to Michalek's claim that the collection letters failed to provide prospective notice of further interest accumulation. For this, ARS relies on *Meier v. Law Offices of Weltman, Weinberg & Reis Co., L.P.A.*, No. 10-262, 2011 WL 2039113 at *7 (W.D. Pa. May 5, 2011) (Lenihan, Mag. J.) (adopted in full by *Meier v. Law Offices of Weltman, Weinberg & Reis Co., L.P.A.*, No. 10-262, 2011 WL 2036693 (W.D. Pa. May 24, 2011)). Specifically, ARS seizes upon that court's finding that there was "no merit to Plaintiff's argument that Defendant violated [§ 1692e(10)] by failing to itemize the amounts due and how they increased over time." *Id.* at *7. Yet, this, and the other cases ARS cites, stand for the proposition that a debt collector need not itemize a the amount of outstanding debt in a collection letter. *See e.g. Scioli v. Goldman & Warshaw P.C.*, 651 F. Supp. 2d

273, 281 n.15 (D.N.J. 2009) (stating that "the Court does not hold that a debt collector must itemize the fees and costs it seeks in order to comply with the FDCPA."). Of course, Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest. Moreover, the notice given in *Meier* contained exactly what was missing from ARS's letter–a warning of the debt's potential to increase by including the full amount due and indicating that the collector could elect to "proceed with further legal action for the full amounts due plus additional interest and costs." *Id.*

Finally, the Court also rejects ARS's reliance on the notion that "even the most unsophisticated consumer would understand that credit card debt accrues interest." *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009). This logic was applied to a consumer's claim of confusion as to an increase of debt owed between collection letters. *Id.* It was not, however, a claim that a collection letter was in violation of the FDCPA for failing to offer prospective notice that a debt may increase. Instead, as above, this was essentially a claim that a debt need be itemized, an argument that has been consistently rejected. *Id.* (failing to uncover "any authority for the proposition that a debt collector has an obligation to explain why a consumer's debt has increased.").

Therefore, the Court will rely on the reasoning in *Smith* and *Dragon*, and will find that Plaintiff has stated a claim.

## **CONCLUSION**

The Court finds that Michalek's claim finds support within the law, and as such will deny ARS's Motion for Judgment on the Pleadings.  An appropriate order follows.


| December 13, 2011 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
|  | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTA MICHALEK,<br><br>Plaintiff,<br><br>ARS NATIONAL SYSTEMS, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:11-CV-1374<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 13th day of December, 2011, **IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 5) is **DENIED**. Plaintiff's Request for Oral Argument (Doc. 15) is therefore **DENIED AS MOOT**.

                                                /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge